Lewis Turner *vs.* Henry Knell.

## LEWIS TURNER *vs.* HENRY KNELL.

PRACTICE IN EQUITY : BILL OF DISCOVERY : EVIDENCE : RESPONSIVE ALLEGATIONS OF ANSWER.—*The answer of a defendant to a bill of discovery, if responsive, is evidence for the defendant, unless overcome by the testimony of two witnesses, or one witness with corroborating circumstances.*

Where the bill called for a discovery as to the consideration for a note given to the defendant by the complainant, and alleged to have been for the accommodation of the defendant, and the latter stated in his answer that the note was discounted at bank by him, and detailed circumstances showing how the proceeds enured to the benefit of the complainant, HELD :

That all the matter stated referred to one transaction—the enuring of the proceeds of the discount to the use and benefit of the complainant, and was responsive as to the subject really in controversy between the parties.

APPEAL from the Circuit Court for Baltimore City.

The bill in this case was filed by the appellant against the appellee for an injunction to restrain the appellee from prosecuting a suit against the appellant upon a promissory

note for $1,000, made by the appellant and passed by him to the appellee, and for a discovery as to the consideration of the note. The first and second answers were excepted to, and the appellee was required to file a third answer, in which he stated that he had the note discounted at bank, and applied $500 of the proceeds to reimburse himself for a note of the appellant's for $500 paid by him, and paid over the balance of the proceeds to the appellant. The Court below (KREBS, J.) held that this answer in so far as it stated what application was made of the proceeds of the note was responsive to the bill, and from this decision the complainant appealed.

This cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*B. C. Barroll*, for the appellant.

1. It is conceded by the record that the note in controversy passed from Turner to Knell on the day of its date, *without consideration.* Knell's second answer so admits unequivocally.

2. It is proved and conceded in the record, that Knell got it discounted for himself at the Western Bank, and received the entire proceeds from the bank.

3. It is alleged by Knell in his third answer, that he paid a note of $500 for Turner, and handed over to Turner the balance of the money, after he received it from the bank. *Of this there is not a particle of evidence.*

4. The statements of the third point are contradicted by the evidence of Raefle and Stockdale. Knell, in conversation with them, (while the matter was recent,) contended that Turner's obligation to pay the note in controversy arose from the fact that Knell had paid a note for Turner on the 13th of January, 1854, at the Farmers' and Mer-

Lewis Turner *vs.* Henry Knell.

chants' Bank, of $1,000—Knell saying that he got the money to make such payment from Stockdale on the day mentioned, and that Stockdale took him down in his buggy, &c.

But Stockdale proves that Knell got no money from him on or before the 13th of January, as alleged. That the loan of the $1,000 took place some eleven or twelve days afterwards, which utterly refutes the statement of Knell, that he paid any note for Turner on the 13th of January.

But suppose he did—then this view of the case is subversive and contradictory of the facts set up in all the answers, and a defendant must stand upon his allegations as contained in the pleadings.

5. If the answers are contradictory, and repugnant each to the other, are they not all to be rejected, and the case made to stand upon the allegations in the bill, as made and sworn to by the complainant?

The answers set up, by way of *avoidance*, other matters which *subsequently* occurred after Knell endorsed the note and used it. See the rule stated in *Clark vs. White*, 12 *Peters*, 189. "If the answer of the defendant admits a fact, *but insists on matter of avoidance*, the complainant need not prove the fact admitted, but the defendant must prove the matter in avoidance." See also *Gibson vs. McCormick*, 10 *G. & J.*, 65,—where it is said, "An answer will not support a matter set up in discharge, when the matter of avoidance is a distinct fact—in such a case the defense must be proved."

When the issue joined involves a negative averment, such as that no consideration passed for a note, and the party replies that the consideration was the payment by him of a note for $500, &c., in such case, the fact being peculiarly within the knowledge of the party asserting the affirmative, the *onus* of proof is upon him; otherwise, you put upon the other side the proof of a negative, which is not allowed,

for the reason assigned in all the text books on evidence, that a negative does not admit of the direct and simple proof of which the affirmative is capable. 1 *Greenlf. Ev.*, secs. 74, 79.

Further to show that the matters set up in avoidance by Knell, go for nothing in the answer unless made out by proof—*See Ringgold vs. Ringgold*, 1 *H. & G.*, 81.

An answer will not support a matter set up in avoidance, or discharge where the matter of avoidance is a distinct fact: in such case the defense must be proved. *Pothier on Obligations*, 157. *Gilbert*, 51. *Tenn Eyck's Case*, 2 *John's Ch. Rep.*, 62, 89. *Thomas vs. Lambe*, 7 *Ves.*, 587. *Boardman vs. Jackson*, 2 *Ball & Beat.*, 382. *Bush vs. Livingston*, 2 *Caine's Ca. Bartlett vs. Gale*, 4 *Paige*, 507. *Fitzhugh et al. vs. McPherson*, 3 *Gill*, 429. *Jones vs. Belt*, 2 *Gill*, 120. *Randall vs. Phillips*, 3 *Mason*, 383.

The case now before the Court is not only within the principles set forth in these cases, but much stronger. Knell received the note on the 13th day of February, got it discounted on the 14th—does not tell when he paid the note for $500, or when he paid over the balance, or when he drew it out of bank. These facts, (even if true,) make an entirely different transaction from that which occurred between Turner and himself on the 13th of February, 1854—and cannot have the force of an avoidance and discharge, unless sustained by proof. It might be conceded, however, that where an admission is qualified, the qualifications form part of the admission—otherwise, the admission is not the admission the respondent intended to make. But the averments of the bill in this case related to a specific transaction which occurred at a specific time—to wit: the transaction of the making and delivery of the note on the 13th of February, 1854.

The clear admission (unqualified) in the answer is in relation to that transaction, that no consideration or value

was given for the note—here the transaction set forth in the bill ceases. But Knell goes on and relates other transactions, which occurred afterwards: that he got the note discounted on the 14th of February: that he got the money from the bank; and that he paid some of the money to Turner and kept a part, $500, to reimburse himself for a note which he paid for Turner about that time.

This is not an explanation or qualification of the admission. No consideration or value passed at the time inquired of: that is the admission,—yet, that subsequent dealings took place, he says, between them, which entitle him to recover on the note in a Court of law, because he paid the note as endorser. These may be all true, but they relate to a subsequent and different transaction. These things, (if they occurred,) took place on and after the 14th of February—and as to the note of $500, he does not say when he paid it. The rule is that you are not to divide a sentence so as to make a man admit something which he does not intend to admit. But a man cannot make a clear admission, which he is bound to make if he tells the truth, and then set up other facts, the legal effect of which he hopes may nullify the force of the admission. In the case at bar, the admission is in one answer, and the matters in avoidance in a subsequent answer.

*Samuel Snowden,* for appellee, argued :

1st. That it is not conceded by the record that the note in controversy passed from Turner to Knell without consideration, nor does his answer so admit.

2nd. That it is proved and shown by the record that Knell got it discounted at the Western Bank for Turner and paid Turner, or for or on his account the entire proceeds.

3rd. That the answer of the appellee is consistent

throughout its amendments and responsive to the bill and exceptions, and the plaintiff has utterly failed to disprove it.

4th. That the plaintiff was not entitled to a discovery in the Circuit Court for Baltimore City, and that the bill was properly dismissed.

5th. That the answer of the defendant is evidence and establishes his claim.

6th. That the averment of payment over of the proceeds is not new matter that requires to be proved, but is a part of the original transaction.

In support of the above points, he cited the following authorities :

*Lady Ormond vs. Hutchinson*, 13 *Ves. Jr.*, 53. *Hart vs. Ten Eyck*, 2 *Johns. Ch. Rep.*, 86. *Green vs. Vardinian*, 4 *Blackf.*, 330. *Cooper vs. Tappan*, 9 *Wis.*, 267. *Glenn vs. Grover & McColm*, 3 *Md. Rep.*, 226.

WEISEL, J., delivered the opinion of this Court.

We concur with the learned Judge of the Circuit Court for Baltimore City, from whose decree this appeal has been taken, in his conclusions as to the law and the facts in this case.   The answer of a defendant to a bill of discovery, if responsive, is evidence for the defendant, unless overcome by the testimony of two witnesses, or one witness with corroborating circumstances.   The answers in this case are responsive, and there is no sufficient countervailing proof.   The evidence has been well scanned and analyzed by the Court below in its opinion, and we do not dissent from the views therein taken of it.

The appellant relied much upon the ground that the circumstances stated by the appellee in his third amended answer as to the mode or manner in which the complain-

Lewis Turner *vs.* Henry Knell.

ant received the benefit of the discount in the Western Bank, were new matter set up in avoidance, and therefore required proof to support them from the defendant.    We do not embrace this view.    All the matter stated referred to one transaction—the enuring of the proceeds of the discount to the use and benefit of the appellant—and was responsive as to the subject really in controversy between the parties.    The explanatory facts, showing how he received the proceeds, were necessary parts of a full answer, and for the want of which exceptions were filed to the first answer. They are not matter in avoidance, but of explanation or detail, and necessary to the full answer sought by the exceptions.    The distinction between matter of this kind, and matters strictly in avoidance, is well taken in *Cooper & Haines vs. Tappan*, 9 *Wiscon. R.* 366, 367.    See also *Glenn vs. Grover*, 3 *Md. Rep.*, 226.

The defendant below should have answered fully and particularly at first.    The circumstance that his answers were twice ruled insufficient, with some other facts in the case of a mysterious nature, are calculated to throw doubt upon the justice of his cause; but having been made a witness by the bill of discovery, and the matter of his answers being, as has been stated, fully responsive to the bill, without being met by sufficient countervailing proof, the complainant must abide by the answer.

The decree below will, therefore, be affirmed, with costs to the appellee.

*Decree affirmed with costs.*

(Decided February 21, 1866.)